**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Monterique A. Reaves, | Case No. 2:26-cv-01927-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Berkeley County Sheriff's Office, Det. Jason Kufen, Sgt. David Kolega, Berkeley County, and Doe Defendants 1-5, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court grant Defendants' motion to dismiss. (Dkt. No. 17). Plaintiff filed objections to the R&R. (Dkt. No. 19). For the reasons set forth below, the R&R is adopted as the Order of the Court and Defendants' motion to dismiss is granted.

**I.    Background**

On December 10, 2020, Plaintiff visited a hotel in Berkeley County, South Carolina. (Dkt. No. 1-1 at ¶ 10). Upon arriving, he was confronted by Defendants, "a group of black-clad law enforcement officers." *Id*. at ¶ 11. Plaintiff "instinctively ran" away, but "then stop[ped] in the hallway of the hotel." *Id*. Thereafter, Defendants "slammed Plaintiff's face into a wall then threw him to the ground," resulting in a laceration under his eye and shoulder contusion. *Id*. at ¶¶ 11-12. After apprehending Plaintiff, Defendants took him into a room at the hotel and "repeatedly asked him where the drugs were." *Id*. at ¶ 14. Plaintiff responded that he did not have any drugs. *Id*.

Plaintiff was then arrested for conspiracy to traffic heroin and resisting arrest. *Id*. at ¶ 15. Subsequently, he was transported to the hospital, where he received seven stitches for the facial laceration. *Id*. at ¶ 16. After leaving the hospital, he was taken to Hill-Finklea Detention Center in

1

Berkeley County, South Carolina. *Id*. The Complaint alleges that "[n]either officers nor any correction[al] center personnel found any drugs on or near Plaintiff's person or effects." *Id*. at ¶ 17.

The next day, on December 11, 2020, Plaintiff was served with arrest warrants for "[t]rafficking in [h]eroin 4 grams [or] more and [r]esisting [a]rrest." *Id*. at ¶ 18. "Plaintiff remained in Hill-Finklea Detention Center for 45 days before being released on bond." *Id*. at ¶ 22. According to him, "the trafficking charge was never indicted" and instead was dismissed on February 21, 2022, for insufficient evidence. *Id*. at ¶¶ 23-24.

Based on these allegations, Plaintiff filed this action against Defendants in the Court of Common Pleas for Berkeley County, South Carolina, on December 13, 2022. *See generally* (Dkt. No. 1-1). The Complaint alleges claims under 42 U.S.C. § 1983 for "[d]eprivation of Plaintiff's Fourth Amendment Rights," as well as several state law claims. *Id*.

On October 31, 2023, a Dormant File Notice was sent to Plaintiff "to provide proof of service." *Id*. at 11. When Plaintiff failed to respond, the action was dismissed by the state court for lack of service on February 24, 2024. *Id*. On October 13, 2025, Plaintiff moved for relief from judgment pursuant to South Carolina Rule of Civil Procedure 60(b).[1] *Id*. at 15-16. The state court, "without addressing the sufficiency of Plaintiff's excusable neglect, . . . reopen[ed] and restore[d] this case to the active roster" in an order issued on February 27, 2026, stating that "an evaluation of Plaintiff's conduct should be performed with the opportunity for input from at least one of the

---

[1] SCRCP 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

Defendants." *Id*. at 17. On May 5, 2026, Defendants received proper service, and on May 12, 2026, they removed this action to federal court. (Dkt. No. 1).

Defendants then moved to dismiss this action, arguing, among other things, Plaintiff's claims were barred by the statute of limitations. (Dkt. No. 7). In an order recommending that the motion to dismiss be granted, the Magistrate Judge concluded that Plaintiff's federal and state claims were time-barred. (Dkt. No. 17). The court reasoned that although Plaintiff filed the action in state court within the applicable statute of limitations, he failed to serve any defendant within 120 days after filing the summons and complaint, as required by South Carolina law. *Id*.

Plaintiff filed objections to the R&R, requesting that the Court exercise its discretion under Federal Rule of Civil Procedure 4 to extend the deadline for service of process and allow this case to proceed on the merits. (Dkt. No. 19). Defendants responded in opposition. (Dkt. No. 20). This matter is now ripe for review.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

Although Plaintiff has filed objections to the R&R, (Dkt. No. 19), he fails to specifically object to any portion of the Magistrate Judge's proposed findings and recommendations summarized above. Thus, the Court has reviewed the R&R for clear error and found none. The R&R is therefore adopted. *See Diamond*, 416 F.3d at 315.

## IV.     Conclusion

For the foregoing reasons, the R&R (Dkt. No. 17) is **ADOPTED** as the Order of the Court and Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 6, 2026
Charleston, South Carolina